ANGELO CERCIELLO, PLAINTIFF, v. METROPOLITAN LIFE
INSURANCE COMPANY, DEFENDANT.

Argued October 1, 1946—Decided January 27, 1947.

Before Justices PARKER and DONGES.

For the motion, *Joseph C. Cassini* and *Lawrence Friedman.*

*Contra, McCarter, English & Studer.*

The opinion of the court was delivered by

DONGES, J. This is a motion to vacate an order entered in this court on April 8th, 1914, restraining the issuance of execution upon a judgment entered herein in favor of the plaintiff against the defendant after appeal to this court from the Montclair District Court. The judgment was for the proceeds of a life insurance policy upon the life of the wife of the plaintiff, Angelo Cerciello. Subsequent to the judgment the plaintiff was convicted of the murder of his wife, and such conviction was affirmed but he died by suicide while awaiting electrocution. Pending a writ of error which removed the judgment of conviction for murder to the Court of Errors and Appeals, application was made to a branch of this court to reopen the judgment of this court. Such application was reserved and never determined.

Following plaintiff's death the matter lay at rest until January, 1927, when plaintiff's attorney moved this court to lift the restraint. That application was never determined

and nothing occurred until the May term, 1932, when such an application was again made and denied. Now, it is again renewed.

We are constrained to deny the application. The plaintiff has been dead since November 10th, 1914. So far as appears no personal representative has ever qualified. No suggestion of plaintiff's death has been made upon the record, either in this court or the District Court. It is mentioned in the affidavit of plaintiff's attorney that there was an assignee of the judgment but that he had died at the time of the application of May, 1932. We think there has been laches in the failure to promptly move for relief and diligently pursue such application. That the defendant did not diligently pursue an effort to have the judgment reopened and a new trial held does not excuse the lack of diligence on the part of the plaintiff, or whoever is at this time attempting to act in the name of a man who has been dead for thirty-four years. The party seeking the affirmative relief is the one chargeable with laches.

Under all the circumstances we are of the opinion that the parties should be left where they are, and where they have remained for so many years with little effort to change the situation.

The application to vacate the order of stay of execution is denied, with costs.